UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

IN RE:                                                          CASE NO.: 13-13343-EPK

KENNETH W. BROWN

        Debtor.
_____/

FRANK RODRIGUEZ,
SUSAN RODRIGUEZ, individually and on
behalf of FRANK RODRIGUEZ,
ALEXANDRA RODRIGUEZ, and
ANDREW RODRIGUEZ, minors,                    ADVERSARY PROCEEDING
                                                                          CASE NO.:

        Plaintiffs,

v.

KENNETH W. BROWN,

        Defendant.
_____/

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523

Frank Rodriguez and Susan Rodriguez, individually and on behalf of Frank Rodriguez, Alexandra Rodriguez, and Andrew Rodriguez, minors, (hereinafter collectively, "Rodriguez" or "Creditors"), creditors and parties in interest in the referenced bankruptcy proceeding, hereby sue the Debtor, Kenneth W. Brown, and allege:

1.     This is an adversary proceeding governed by F.R.B.P. 7001 et seq., to determine the dischargeability of a particular debt pursuant to 11 U.S.C. §523.

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and § 157(b)(2)(H).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. On February 14, 2013, Mr. Brown filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code.

5. This Court has fixed May 28, 2013 as the last day to file a complaint to object to discharge of the debtor or to determine the dischargeability of certain type of debts. This complaint, therefore, has been timely filed.

## BACKGROUND

6. Mr. Brown owned, operated, and controlled virtually every aspect of several companies he used purportedly for the purpose of providing investment advice, including 21st Century Advisors, Inc. ("21st Century"), Brown and Company ("Brown & Co."), and K.W. Brown Investments ("ABrown Investments"); (21st Century, Brown & Co. and Brown Investments will sometimes collectively be referred to as the "Brown Companies"). (*See* "Findings of Fact and Conclusions of Law" entered by a U.S. magistrate judge sitting as a U.S. federal district court judge, attached hereto as Exhibit "A").

7. On or about February 7, 2000, Rodriguez entered into a brokerage contract with 21st Century, one of the Brown Companies. (*See* "Brokerage Contract" attached hereto as Exhibit "B"). At all pertinent times Mr. Rodriguez, on behalf of his family, dealt exclusively with Mr. Brown who at all times purported to personally provide investment advice and management of the Rodriguez

CASE NO.:13-13343-EPK

account. At some point 21st Century customer accounts may have been transferred to one of the other Brown Companies for management, but Mr. Brown maintained control over the account at all times.

8. Pursuant to the Brokerage Contract, Rodriguez transferred assets into a separate, discretionary investment account over which Mr. Brown through 21st Century or others of the Brown Companies had complete and absolute control.

9. The discretionary account which Rodriguez entrusted to Mr. Brown was maintained in trust for Rodriguez.

10. Through the Brokerage Contract and the Brown Companies which he controlled, Mr. Brown became fiduciary of the funds Rodriguez transferred into the account. The Brokerage Contract established that Rodriguez entrusted Mr. Brown with "the power of discretionary authorization to purchase, sell, exchange, or exercise securities transactions" and to use "cash balances or proceeds from securities sales for reinvestment in securities" to meet the "clients' objectives."

### Mr. Brown Engages in Fraudulent Conduct in Breach of His Fiduciary Duty to Rodriguez

11. An investigation conducted by the Securities and Exchange Commission ("SEC") revealed that, between September 2002 and as late as June 2006, Mr. Brown and the Brown Companies had been engaging in the fraudulent practice known as "cherry picking" while acting as a fiduciary over several accounts managed by Mr. Brown, including the Rodriguez account.

12. Mr. Brown's investment firms, under his personal direction and control, engaged in fraudulent trade allocations to the Brown "House Account," maintained for the personal benefit of

CASE NO.:13-13343-EPK

Brown and his firm, by using a bunched trade account to combine brokerage orders for advisory customers, including Rodriguez, and also for the Brown House Account. Specifically, the trade would be allocated to the House Account if the price movement was favorable and the trade would be allocated to client accounts, including Rodriguez's account, if the price movement was unfavorable. The practice is a violation of various securities laws and self regulatory rules.

13. The SEC investigation and injunctive relief action resulted in a finding that Mr. Brown and the Brown Companies realized illegal profits of approximately $4.5 million as a result of the fraudulent activity, while his clients were injured by approximately $9.4 million.

14. The federal court found, among other things, that the Brown Companies engaged in a "cherry-picking scheme" which operated to defraud the Brown companies' clients and that Mr. Brown made false statements and omissions of material fact to his clients. *See* Findings of Fact and Conclusions of Law, at 45-53.

15. Moreover, the federal court found Mr. Brown was aware of numerous "red flags" indicating that his firm was engaging in the fraudulent scheme, including a deficiency letter Brown Investments received in 2003 setting forth the SEC findings of fraudulent activity, and did nothing to address the issue. *See id.* at & 127. The court concluded that Mr. Brown acted with scienter, "knowingly put[ting] his interests above those of his clients." *See id.* at 51.

16. On December 19, 2007, a final judgment was entered against Mr. Brown and his affiliates totaling more than $10 million. (*See* "SEC Final Judgment," attached hereto as Exhibit "C").

CASE NO.:13-13343-EPK

17.	Following the SEC investigation, Rodriguez, along with other former clients of Mr. Brown, filed individual claims with the Financial Industry Regulatory Authority ("FINRA") against Mr. Brown and his affiliates.

18.	On or about May 20, 2011, the FINRA arbitration panel entered an arbitration award in favor of Rodriguez and against Mr. Brown. (*See* "FINRA Final Judgment and Arbitration Award," attached hereto as Exhibit "D").

19.	The FINRA arbitration panel found Mr. Brown liable for, among other things, breach of fiduciary duty.

20.	On May 9, 2012, the Circuit Court of Palm Beach County entered a judgment against Brown in the amount of $489,343.65 ("Final Judgment," attached hereto as Exhibit "E").

21.	Rodriguez has been unable to collect on that Final Judgment.

## COUNT I
## VIOLATION OF 11 U.S.C. '523(a)(4)

Rodriguez reaffirms and re-alleges paragraphs 1 through 21 as if fully set forth herein.

22.	The Brokerage Contract established a fiduciary duty in Mr. Brown over Rodriguez's account over which Mr. Brown had full discretion.

23.	Mr. Brown knowingly engaged in a fraudulent scheme while acting in a fiduciary capacity over the Rodriguez account.

24.	In the absence of said fraud, Rodriguez would not have incurred the losses attributable to the Defendant.

CASE NO.:13-13343-EPK

**WHEREFORE**, such conduct falls under the exception to dischargeability found in 11 U.S. §523 (a) (4), therefore, Mr. Brown's indebtedness to Frank Rodriguez, Susan Rodriguez, individually and on behalf of Frank Rodriguez, Alexandra Rodriguez, and Andrew Rodriguez, minors, constitutes a nondischargeable debt.

### REQUESTED RELIEF

**WHEREFORE**, Rodriguez respectfully requests that this court:

a.  Order that Mr. Brown's indebtedness to Frank Rodriguez, Susan Rodriguez, individually and on behalf of Frank Rodriguez, Alexandra Rodriguez, and Andrew Rodriguez, minors, constitutes a nondischargeable debt pursuant to 11 U.S.C. §§ 523 (a) (4);

b.  Grant a nondischargeable judgment in favor of Frank Rodriguez, Susan Rodriguez, individually and on behalf of Frank Rodriguez, Alexandra Rodriguez, and Andrew Rodriguez, minors, against Defendant, Mr. Brown, plus pre-judgment and post-judgment interest as provided by law, reasonable attorney's fees, and costs; and

c.  Grant such other relief as this court deems appropriate.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

CASE NO.:13-13343-EPK

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail on this 28th day of May, 2013:

Kenneth W. Brown
*Debtor/Adversary Defendant*
4020 South Ocean Boulevard
Manalapan, Florida 33462

Tina M. Talarchyk, Esquire
Talarchyk Newburgh, LLC
*Counsel for Debtor/Adversary Defendant*
The Worth Avenue Building
205 Worth Ave Ste 320
Palm Beach, Florida 33480
Fla. Bar. No 794872

/s/ Frank R. Rodriguez, Esq.
FRANK R. RODRIGUEZ, ESQ.
Florida Bar No.: 348988
PAULINO A. NUÑEZ JR., ESQ.
Florida Bar. No.: 814806
RODRIGUEZ TRAMONT GUERRA & NUÑEZ, P.A.
255 Alhambra Circle ʙ Suite 1150
Coral Gables, Florida 33134
frr@rtgn-law.com
Telephone: 305-350-2300
Facsimile: 305-350-2525

And

/s/ Thomas R. Lehman, P.A.
THOMAS R. LEHMAN, P.A.
Florida Bar No. 318351
LEVINE   KELLOGG   LEHMAND   SCHNEIDER +
GROSSMAN, LLP
Miami Center – 22nd Floor
201 South Biscayne Boulevard

CASE NO.:13-13343-EPK

Miami, Florida 33131
trl@lklsg.com
Telephone: 305-403-8788
Facsimile: 305-403-8789