UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

IN RE:　　　　　　　　　　　　　　　　　　　　　CASE NO.: 13-13343-EPK

KENNETH W. BROWN

　　　　Debtor.
_____/

FRANK RODRIGUEZ,
SUSAN RODRIGUEZ, individually and on
behalf of FRANK RODRIGUEZ,
ALEXANDRA RODRIGUEZ, and
ANDREW RODRIGUEZ, minors,　　　　　　　ADVERSARY PROCEEDING
　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO.: 13-01407-EPK

　　　　Plaintiffs,

v.

KENNETH W. BROWN,

　　　　Defendant.
_____/

## PLAINTIFFS' INITIAL RULE 26 DISCLOSURES

　　　　Frank Rodriguez and Susan Rodriguez, individually and on behalf of Frank Rodriguez, Alexandra Rodriguez, and Andrew Rodriguez, minors, (hereinafter collectively, "Plaintiffs"), through their undersigned counsel, set forth herein their Initial Rule 26 Disclosures, pursuant to Rule 26(a)(1)(A)(i) - (iv), Federal Rules of Civil Procedure, and state:

CASE NO.:13-13343-EPK

**Fed. R. Civ. P. 26(a)(1)(A):**

(i) <u>"[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment":</u>

**RESPONSE:**

1. Plaintiff, Frank Rodriguez. Mr. Rodriguez may have knowledge concerning his dealings with Kenneth W. Brown and Mr. Brown's management and handling of his investment accounts.

2. Plaintiff, Susan Rodriguez. Mrs. Rodriguez may have knowledge concerning her dealings with Kenneth W. Brown and Mr. Brown's management and handling of her investment accounts.

3. Kenneth D. Colier. Mr. Colier is an expert that will testify regarding the fraudulent cherry-picking scheme carried out by Kenneth W. Brown and his affiliated companies that adversely impacted the Plaintiffs in this case.

4. Defendant, Kenneth W. Brown. Mr. Brown may have knowledge concerning the affirmative defenses that he may file in this case as well as knowledge of the management of Plaintiffs' investment accounts and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

5. Wendy Brown. Ms. Brown may have knowledge concerning the affirmative defenses that may be filed in this case as well as knowledge concerning the management and internal operations of Kenneth W. Brown's affiliated companies and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

6. Francine Oelbaum. Ms. Oelbaum may have knowledge concerning the affirmative defenses that may be filed in this case as well as knowledge concerning the management and internal operations of Kenneth W. Brown's affiliated companies and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

7. Michael Chimiluca. Mr. Chimiluca may have knowledge concerning the affirmative defenses that may be filed in this case as well as knowledge concerning the management and internal operations of Kenneth W. Brown's affiliated companies and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

CASE NO.:13-13343-EPK

8. Jerry Desiderio. Mr. Desiderio may have knowledge concerning the affirmative defenses that may be filed in this case as well as knowledge concerning the management and internal operations of Kenneth W. Brown's affiliated companies and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

9. Donald Wasserman. Mr. Wasserman may have knowledge concerning the affirmative defenses that may be filed in this case as well as knowledge concerning the management and internal operations of Kenneth W. Brown's affiliated companies and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

10. Gail Smith. Ms. Smith may have knowledge concerning the affirmative defenses that may be filed in this case as well as knowledge concerning the management and internal operations of Kenneth W. Brown's affiliated companies and the fraudulent cherry-picking scheme which adversely impacted the Plaintiffs in this case.

(ii)  "[A] copy -- or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment":

**RESPONSE:**

1. All pleadings and exhibits thereto which have been filed, or that will be filed, by the parties during the course of this proceeding.

2. Kenneth D. Collier's Curriculum Vitae.

3. Findings of Fact and Conclusions of Law (SEC v. K.W. Brown & Co.., No. 05-803767-CIV-JOHNSON (S.D. Fla. Dec. 2007).

4. Final Judgment for Plaintiff and Order Closing Case (SEC v. K.W. Brown & Co.., No. 05-803767-CIV-JOHNSON (S.D. Fla. Dec. 2007).

5. Order Supplementing Final Judgment (SEC v. K.W. Brown & Co.., No. 05-803767-CIV-JOHNSON (S.D. Fla. Dec. 2007).

6. Exhibits used by the Securities and Exchange Commission in the case of the SEC v. K.W. Brown & Co.., No. 05-803767-CIV-JOHNSON (S.D. Fla. Dec. 2007).

7. Exhibits used by Kenneth Brown in the case of the SEC v. KW. Brown & Co.., No. 05-803767-CIV-JOHNSON (S.D. Fla. Dec. 2007).

8. Kenneth D. Collier correspondence dated April 20, 2008 and attachments.

9. All of K.W. Brown Investments' Supervisory Procedures Manuals obtained through a subpoena served on the Financial Institution Regulatory Authority. Including, but not limited to: (a) Supervisory Procedures Manual, dated June 2002 (Anti-Money Laundering Compliance Program; (b) Anti-Money Laundering (AML) Program: Compliance and Supervisory Procedures, dated June 30, 2005; (c) Supervisory Procedures Manual, dated June 30, 2005; and (d) Supervisory Procedures Manual, dated July 5, 2006.

10. Deposition Exhibits used by the Securities and Exchange Commission in the case of the SEC v. K.W. Brown & Co.., No. 05-803767-CIV-JOHNSON (S.D. Fla. Dec. 2007).

11. "SEC v. K.W. Brown et al., Summaries."

12. "Brown Trading Account Performance Data."

13. Collier Letter with attachment dated May 5, 2008.

14. Expert disclosure report of Kenneth D. Collier. (SEC v. Brown).

15. T.D. Ameritrade emails and corrections forms.

16. "Listing of Related Accounts."

17. "Summary of Cimilluca Account Results."

18. SEC correspondence addressed to Kenneth Brown dated March 4, 2004.

19. Customer Complaints against Kenneth Brown.

20. Compilations prepared by Kenneth Collier.

(iii)   "[A] computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered":

**RESPONSE:**

1. Plaintiffs are seeking $ 489,343.65, as evidenced by the "Final Judgment" attached to the Complaint as "Exhibit E," plus interest and attorneys' fees they have incurred.

CASE NO.:13-13343-EPK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiffs' Initial Rule 26 Disclosures was mailed to: Steven S. Newburgh, Esq., Talarchyk Newburgh, LLC, The Worth Building, 205 Worth Avenue, Suite 320, Palm Beach, Florida 33480 and Ken Brown 4020 South Ocean Boulevard, Manalapan, Florida 33462.

Dated: July 9, 2013

/s/ Frank R. Rodriguez, Esq.
FRANK R. RODRIGUEZ, ESQ.
Florida Bar No.: 348988
PAULINO A. NUÑEZ JR., ESQ.
Florida Bar. No.: 814806
RODRIGUEZ TRAMONT GUERRA & NUÑEZ, P.A.
255 Alhambra Circle _ Suite 1150
Coral Gables, Florida 33134
frr@rtgn-law.com
Telephone: 305-350-2300
Facsimile: 305-350-2525

And

/s/ Thomas R. Lehman, P.A.
Thomas R. Lehman, P.A.
Florida Bar No.: 318351
LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN, LLP
Miami Center - 22nd Floor
201 S. Biscayne Boulevard
Miami, Florida 33131
trl@lklsg.com
Telephone: 305-403-8788
Facsimile: 305-403-8789