SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:
KENNETH WILLIAM BROWN,                    Case No. 13-13343-EPK

            Debtor.                    Chapter 11
_____/

FRANK RODRIGUEZ, SUSAN                    Adv. No.: 13-1407-EPK
RODRIGUEZ, individually and on
behalf of FRANK RODRIGUEZ,
ALEXANDRA RODRIGUEZ, and
ANDREW RODRIGUEZ, minors

            Plaintiff,
v.

KENNETH WILLIAM BROWN,

            Defendant.
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT AND
### MEMORANDUM OF LAW IN OPPOSITION THERETO

KENNETH WILLIAM BROWN, ("Defendant" or "Brown"), by and through his undersigned counsel, files this *Response to Plaintiff's Motion for Summary Judgment and Memorandum of Law in Opposition Thereto,* and in support thereof states as follows:

### PRELIMINARY STATEMENT

On February 14, 2013, the Defendant filed a Petition under Chapter 11 of the United States Bankruptcy Code. Plaintiff filed this adversary action against Brown, challenging the dischargeability of certain debts under 11 U.S.C. §523. Defendant's answer is due on September 30, 2013, and will be filed on or before that date. However, two months beforehand, on July 29, 2013, Plaintiff filed the instant Motion for Summary Judgment.

The undersigned was retained, and filed a Notice of Appearance in this matter on September 6, 2013, (DE# 34).

Plaintiffs pre-answer, pre-discovery motion for summary judgment should be denied as premature. The Bankruptcy Code favors discharge of the honest debtor's debts, and provisions denying this discharge to a debtor are generally construed liberally in favor of the debtor and strictly against the creditor. The Plaintiff has included a number of factual assertions throughout its motion regarding degree of Defendant's control and personal involvement regarding allocation of assets. A clear determination of this relationship is important to determine whether Defendant fits, what Plaintiff admits is, the very narrow definition of "fiduciary" under Section 523(a)(4).

Further, Plaintiff's Motion should be denied because it fails prove "defalcation," the second element necessary to exclude a debt for discharge under Section 523. Plaintiff, in support of its motion, states that "arbitration awards *can* have collateral estoppel . . . and '[t]he court *may* also infer facts,'" but fails to state how this applies to the instant case and why these facts should be inferred. (See Plantiff's Motion For Summary Judgment pg 8). In fact, the statement is so generic, there is insufficient information for the Defendant to formulate a defense or provide evidence to the contrary.

Finally, Plaintiff's Complaint and motion contain a number of references to the SEC judgment entered against the Defendant. This judgment resulted from a separate proceeding, and has been satisfied by the Defendant. The FINRA arbitration award deals primarily with anticipated profits and therefore, findings contained in the separate SEC award regarding duty and breach should have no bearing on the dischargeability of the instant claim. At the very least, the applicability of the SEC judgment is a question of fact

for this Court to decide. For the reasons previously stated, Plaintiff has failed to show there is no dispute at to material facts, and the Motion for Summary Judgment should be denied accordingly.

## MEMORANDUM OF LAW

### I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, states that a court shall enter summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or verified statements, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1996). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (citation omitted). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So.2d 126 (Fla.2000). When ruling on a Motion for Summary Judgment, "all inferences must be viewed in a light most favorable to the non-moving party." *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009). Further, the Bankruptcy Code favors discharge of the honest debtor's debts, and provisions denying this discharge to a debtor are generally construed liberally in favor of the debtor and strictly against the creditor. Bankr.Code, 11 U.S.C.A. § 727(a).

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). The movant may meet this standard by presenting evidence demonstrating the absence of a dispute of material fact or by showing that the nonmoving party has not presented evidence in support of an element of its case on which it bears the burden of proof. *Id.* at 322-23, 106 S.Ct. 2548.

**II.    PLAINTIFF'S PRE-ANSWER, PRE-DISCOVERY MOTION FOR SUMMARY JUDGMENT IS PREMATURE**

Plaintiffs pre-answer, pre-discovery motion for summary judgment should be denied as premature.  The party seeking summary judgment must demonstrate the absence of *any* issue of material fact, therefore, a court should only grant summary judgment after the parties have been given an adequate opportunity for discovery.  *See, e.g. Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). (observing summary judgment is appriopate only "after adequate time for discovery").  See *Villages at Mango Key Homeowners Ass'n, Inc. v. Hunter Dev., Inc.*, 699 So.2d 337, 338 (Fla. 5th DCA 1997) ("Unless the facts of a case have been developed sufficiently to enable the trial court to determine that no issues of fact exist, summary judgment must not be entered). In *Blumel v. Mylander*, the 11th Circuit

stated "district courts should not grant summary judgment until the non-movant 'has had an adequate opportunity for discovery.'" *Blumel v. Mylander*, 919 F. Supp 423, 428 (M.D. Fla. 1996); *citing Snook v. Trust Co. Of Georgia Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging 'appropriate' discovery).

In *Blumel,* the Court applied the foregoing rational, and denied summary judgment where Plaintiff filed the Motion while Defendant's "motion to dismiss [was] pending and before it had answered the Complaint." *Blumel,* at 429. Similarly, in the instant case, Plaintiff's Motion for Summary Judgment was filed a day before Defendant filed a Motion to Dismiss, and a full two months prior to the Defendant's answer being due. The Defendant is entitled to discovery in the matter, including but not limited to, the self-serving affidavits filed by Plaintiff, attached as evidence to the Motion. Defendant challenges the degree of control over investments that is claimed by Plaintiff, and should be afforded the opportunity to establish the same. (See attached exhibit A)

### III. QUESTIONS OF FACT REMAIN REGARDING WHETHER THE DEBT IS DISCHARGEABLE UNDER §523

Plaintiff's motion for summary judgement should be denied because it fails to burden of Section 523. While the Bankruptcy Code favors discharge of debts, some debts are non-dischargeable, including those described in 11. U.S.C.§523 (a)(4), which provides "there should not be a discharge of a debt 'for fraud or defalcation while acting in a fiduciary capacity.'" *Quaif v. Johnson,* 4 F.3d 950, 952 (11th Cir.1993). The first prong of the test is to establish a fiduciary duty, which is determined by federal law, although state law is relevant to the inquiry. Federal law has narrowly defined a fiduciary relationship under §523 (a)(4) to include only relationships involving an express or technical trust.

*McDowell v. Stein*, 415 B.R. 584, 594 (S.D. Fla 2009).  The fact that a fiduciary relationship has been established under state law, does not automatically mean a fiduciary relationship has been established within the meaning of §523 (a)(4) . *Id.* At 595.  In the instant matter, Plaintiff acknowledges the narrow definition of fiduciary under federal law, but offers no evidence or explanation as to why the fiduciary relationship is satisfied under this more stringent standard.  As such, Plaintiff has not met his burden to establish that summary judgment should be granted.

The second prong the Plaintiff must prove under § 523(a)(4) is defalcation.  Courts have varied on the level of moral turpitude required to constitute defalcation, with some courts holding that an innocent mistake *can* constitute defalcation, while others require a finding beyond mere negligence, and in some cases, that of extreme recklessness.  The 11th Circuit acknowledged the split of authority, but has not explicitly ruled on a side *Id.* at 597 *citing Quaif v. Johnson*, 4 F.3d 950, 955 (11th Cir. 1993) (Debtor's actions were "far more than innocent mistake or even negligence").  Recently, the Supreme Court took up the issue and held that the term "defalcation" requires an intentional wrong, or reckless conduct "of the kind set forth in the Model Penal Code."  *Bullock v. BankChampaign, N.A,* 133 S.Ct. 1754, 1759 (U.S. 2013).   The Court went further to say that in the absence of actual knowledge, the Court considers conduct as the equivalent where "the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty."  *Id* citing ALI, Model Penal Code § 2.02(2)(c), p 226 (1985).  What's more, the risk must, considering the actor and circumstances, "involve a *gross deviation* from the standard of conduct that a law-abiding person would observe in the actor's situation."  *Id*. At 1760 (emphasis added), citing ALI, Model Penal Code § 2.02(2)(c), p 226 (1985). CF *Ernst & Ernst v. Hochfelder*, 425 U.S.

185, 194, n. 12, 96 S.Ct. 1375, 47 L.Ed.2d. 668 (1976) (defining scienter for securities law purposes as "a mental state embracing intent to deceive, manipulate, or defraud").

In the instant matter, Plaintiffs contend that Defendant "controlled *virtually* every aspect of several companies . . . *purportedly* for the purpose of providing investment advice. (Emphasis added). This enhanced description overstates the finding of the arbitration panel attached as Plaintiff's Exhibit A. Additionally, the debt at issue results from the FINRA arbitration award, to which 21st Century was not a part. However, Plaintiff makes numerous references to this entity throughout its Motion and Complaint, and any relevance is a question for this Court to decide. Conversely, Defendant contends he did not hold himself out as Plaintiff's financial advisor, and only provided financial advice when specifically requested. Plaintiffs' speculative and debatable allegations fail to establish Defendant's conduct has risen to the level of defalcation, as has been recently defined by the United States Supreme Court. Failure to establish defalcation is fatal to Plaintiffs' Motion for Summary Judgment, and the relief requested therein. Based on the foregoing, questions of material fact remain whether or not the Defendant's actions constitute defalcation necessary to find the debt non-dischargeable under §523(a)(4), and as such, Plaintiff's motion should denied.

Finally, Plaintiff's Motion for Summary Judgment alleges the principal of collateral estoppel should result in a judgment of non-dischargeability. It is true that "while collateral estoppel may bar a bankruptcy court from re-litigating factual issues previously decided in state court, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *McDowell v. Stein*, 415 B.R. 584, 591 (S.D. Fla. 2009) (*citing St. Laurent v. Ambrose,* 991

F.2d 672, 676 (11th Cir. Fla. 1993).    The elements in Florida for collateral estoppel are: 1) Issue must be identical to one decided in prior litigation; 2) Issue must have been actually litigated in the prior proceeding; 3) the prior determination of the issues must have been critical and necessary to the judgment; and standard of proof must have been at least as stringent as standard in the later case. *Ambrose*, 991 F.2d at 676 (as laid out by Judge Cristol in unpublished decision, *Alonso v. Guerrero*, Adv. No. 10-1056-BKC-AJC-A).  As applied to the instant proceeding, Plaintiff has produced no evidence, nor made any attempt to state that these elements have been met.  In fact, Plaintiff's statements in the Motion for Summary Judgment regarding how "arbitration decisions *can* have effect of collateral estoppel", and "Courts *may* infer facts" (*emphasis added*) actually raise questions, for this Court to determine.  Based on this alone, summary judgment in improper as there remain genuine issues of material facts for this Court to decide.

## CONCLUSION

Based on the foregoing, this Court should deny Plaintiff's Motion for Summary Judgment. The Plaintiffs' Motion is premature. Additionally, Plaintiff's Motion exaggerates, or otherwise misstates the arbitration award upon which it relies, and does not even attempt to show how the findings in the arbitration award meet the rigorous requirements for a debt to be non-dischargeable under federal law.  Finally, Plaintiff has clearly failed to establish that Defendant's conduct has risen to the level of defalcation, as recently defined by the United States Supreme Court.   For these reasons, the Plaintiff fails to meet the heavy burden of a party seeking summary judgment, and therefore, this Motion should be denied.

WHEREFORE, the Defendant, respectfully requests that this Court Deny Plaintiff's Motion for Summary, plus any other relief that this Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true copy of the foregoing document has been furnished by electronic or U.S. Mail to the following this September 27, 2013:

Frank R. Rodriguez, Esq.
Rodriguez Tramont Guerra & Nunez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134

Thomas R. Lehman, Esq.
Levine, Kellogg Lehman Schneider Grossman, LLP
Miami Center - 22nd Floor
201 South Biscayne Boulevard
Miami, Florida 33131

**OZMENT MERRILL**

By:  /s/ Matthew T. Girardi
MATTHEW T. GIRARDI, ESQ.
Florida Bar No. 75339
2001 Palm Beach Lakes Blvd.
Suite 410
West Palm Beach, FL 33409
(o) +1.561.689.6789
(f)  +1.561.689.6767