UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re:

KENNETH WILLIAM BROWN,

      Debtor.
_____/

FRANK RODRIGUEZ, SUSAN
RODRIGUEZ, individually and on
behalf of FRANK RODRIGUEZ,
ALEXANDER RODRIGUEZ and
ANDREW RODRIGUEZ, minors,

      Plaintiffs,
v.

KENNETH WILLIAM BROWN,

      Defendant.
_____/

Case No. 13-13343-EPK

Chapter 11

Adv. Proc. No. 13-1407-EPK

## AFFIDAVIT

STATE OF FLORIDA    )
                           ) SS:
COUNTY OF PALM BEACH  )

BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared KENNETH WILLIAM BROWN ("Affiant"), and after being first duly sworn and taking an oath, deposes and says that:

1. I am Kenneth William Brown, I am over 18 years of age, and I have personal knowledge of the facts contained herein.

2. I was the president of 21st Century Advisors, Inc. and CEO of K.W. Brown Investments d/b/a K.W. Brown & Company ("KWBI").

3. Affiant made none of the improper trades nor personally participated in any legal or ethical violations found by the Court.

4. Affiant at all times gave his best efforts to see that KWBI operated in compliance and took the advice from the compliance personnel as delegated and performed by others.

5. I was general securities principal and financial principal of KWBI, although I did not have complete, nor absolute control over the compliance and supervision of KWBI or its activities. KWBI had specific destinations and a hierarchy in place for both compliance and supervision at all times relevant. KWBI was believed to be in conformity with all regulatory procedures and policies.

6. KWBI was routinely audited by FINRA, a self regulatory authority, and had a recent audit by FINRA prior to the SEC verdict of December 17, 2007 and was found to be in compliance with the relevant trading activity.

7. The compliance of KWBI was overseen by Jerry Desiderio, President, Securities Principal and Chief of Compliance. Mr. Desiderio conducted all day to day operations and the oversight required for proper conduct and supervision. He reported to the SEC, defense attorney James Koch, and KWBI. These reports were always shown to be proper and in compliance with the applicable rules and procedures of the ecurity industry.

8. An Independent Special Monitor, Marvin Barge, appointed by the Court and recommended by the SEC was employed to implement and oversee all KWBI's compliance and supervision. Marvin Barge was actively involved to insure the company's regulatory compliance. Marvin Barge reported quarterly for over two years all his findings to the SEC, defense attorney James Koch and KWBI. These reports always highlighted the company's compliance.

9. General Securities Principal, Donald Wasserman, provided daily compliance and supervision for the order desk and other registered representatives for KWBI. Mr. Wasserman initialed and approved every order ticket of KWBI trades including the trades of Michael Cimilluca, including those of Affiant. Additionally, Jerry Desiderio, reviewed for compliance KWBI's daily trade blotter.

10. General Securities Principals, Francine Oldbaum and Wendy Brown, would at times be alternatives in the compliance review.

11. Michael Cimilluca was a General Securities Principal. He possessed both licensing and the regulatory capacity to oversee securities compliance and supervision. Michael Cimilluca made all of the trades charged by the SEC in its verdict of December 17, 2007. Michael Cimilluca took the oath to act ethically and responsibility as a general securities principal in the industry at all times. Affiant placed every trade through the trading desk supervised and reviewed by all company regulatory authorized compliance personnel.

12. FINRA Rule 3130 cites that all persons responsible for the primary function of producing a company's revenue, its business or income, be supervised by an independent Chief of Supervision and Compliance. As such, Affiant was not permitted to function as KWBI's sole authority for compliance nor could he be self-supervised. KWBI was required to have the proper supervisorty channels in place, which was the case at all relevant times.

13. The multi-billion dollar company AmeriTrade, KWBI's clearing broker, provided the procedures for the order entry system for executing KWBI trades. AmeriTrade never contacted KWBI or Affiant other than certain communications with Michael Cimilluca about any red flags or trading irregularities.

14. Marvin Barge, the independent, court-appointed special monitor, provided, by Court order, the final authority for oversight and supervision of KWBI policies and procedures relevant at the time. Mr. Barge did not appear in his expert witness capacity nor as a witness to the appropriateness of KWBI's compliance.

15. The trial produced no witnesses, no trades, no documents, or testimony that Affiant knew or participated in the "cherry picking scheme" orchestrated solely by Michael Cimilluca.

16. Affiant was not paid nor given the authority by the Rodriguez's to be a financial advisor.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KENNETH WILLIAM BROWN

SWORN TO AND SUBSCRIBED before me this 27 day of September, 2013.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

Notary Public State of Florida
Lisa Wood
My Commission EE077632
Expires 03/25/2015