[Tagged]



**ORDERED in the Southern District of Florida on December 16, 2013.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                      CASE NO. 13-13343-EPK
                                                            CHAPTER 11
**KENNETH WILLIAM BROWN,**

      Debtor.

_____/

**FRANK RODRIGUEZ, SUSAN**
**RODRIGUEZ, individually and on**
**behalf of FRANK RODRIGUEZ,**
**ALEXANDRA RODRIGUEZ, and**
**ANDREW RODRIGUEZ, minors,**

      Plaintiffs,
v.                                                          ADV. PROC. NO.  13-01407-EPK

**KENNETH WILLIAM BROWN,**

      Defendant.

_____/

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** came before the Court upon the *Plaintiffs' Motion for Summary*

*Judgment Against Defendant, Kenneth W. Brown* [ECF No. 9] (the "Motion") filed by Frank

Rodriguez and Susan Rodriguez, individually, and on behalf of Frank Rodriguez, Alexandra

Rodriguez, and Andrew Rodriguez, minors (collectively, the "Plaintiffs"), against Kenneth W. Brown (the "Defendant"). For the reasons stated below, the Court denies the Motion.

**Background**

Kenneth W. Brown is a chapter 11 debtor-in-possession before this Court. On May 28, 2013, the Plaintiffs filed their complaint, commencing the above-captioned adversary proceeding. In the complaint, the Plaintiffs request a determination that a debt owed to them by the Defendant is not discharged in the Defendant's bankruptcy case pursuant to § 523(a)(4).[1] Specifically, the Plaintiffs allege that the debt owed to them by the Defendant is one "for fraud or defalcation while acting in a fiduciary capacity" in connection the Plaintiffs' investment account which they had entrusted to the Defendant.

**Facts**

The Defendant was the president of 21st Century Advisors, Inc. ("21st Century") and CEO of K.W. Brown Investments d/b/a K.W. Brown & Company ("KWB" and, together with 21st Century, the "Adviser Entities").

On February 7, 2000, Frank and Susan Rodriguez entered into a Management Agreement (the "Contract") with 21st Century. The Contract provided for the transfer of assets in order to establish an investment account over which 21st Century and its agents had discretionary authority to trade on behalf of the Plaintiffs.

In December, 2007, the SEC obtained a judgment in the United States District Court for the Southern District of Florida (the "SEC Judgment") against the Defendant, the Adviser Entities, and others for violations of the anti-fraud and books and records provisions of the federal securities laws. Specifically, the District Court concluded that the Defendant violated Section 17(a) of the Securities Act of 1933 and Section 10(b) of the

---

[1] Unless otherwise indicated, the word "section" and the symbol "§" refer to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (anti-fraud provisions), aided and abetted violations of sections 206(1) and (2) of the Investment Advisers Act of 1940 (anti-fraud provisions), violated section 207 of the Advisers Act (submitted false and misleading forms for the Adviser Entities), and aided and abetted violations of section 204 and rules 204-1(a)(2) and 204-2(a)(8) of the Advisers Act (requirement to maintain records and make appropriate disclosures). The SEC brought the action after it discovered that the defendants to the District Court action were engaged in a cherry-picking scheme whereby one defendant, hired to day trade the Adviser Entities' proprietary account, also traded for a number of the Adviser Entities' clients.  That defendant regularly purchased or sold the same securities on the same trading day for both the proprietary account and the clients' accounts, but the clients consistently received the less favorable execution price.  While the SEC Judgment indicates by name certain investors who were harmed by the actions of the Defendant here and the other defendants in that case, the SEC Judgment contains no findings specific to the Plaintiffs nor do the general findings made by the District Court necessarily relate to the Plaintiffs.

On May 15, 2008, the Plaintiffs and several other claimants filed with the Financial Industry Regulatory Authority ("FINRA") a Statement of Claim against the Defendant, KWB, and other respondents.  On May 20, 2011, a FINRA arbitration panel entered an award (the "Arbitration Award") that, in relevant part, found in favor of the Plaintiffs and against the Defendant and KWB for negligent supervision and breach of fiduciary duty. The arbitration panel found the Defendant and KWB jointly and severally liable and ordered them to pay to the Plaintiffs the amount of $450,000 exclusive of pre-judgment interest, as well as expert witness fees in the amount of $18,317.63.  The Arbitration Award contains no specific findings in support of the ruling.  It is unclear whether both the Defendant and KWB are each found liable on both the theories of negligent supervision and

breach of fiduciary duty, or whether each was found liable on only one of those theories.  It is unclear what fiduciary duty formed the basis of the arbitration panel's finding of breach of fiduciary duty.

On June 21, 2011, the Defendant filed a motion to vacate the Arbitration Award in the Circuit Court of Palm Beach County.  The Plaintiffs opposed the Defendant's request and filed a counterclaim in which they requested the Circuit Court confirm the Arbitration Award.  In May, 2012, the Palm Beach County Circuit Court entered a final judgment confirming the Arbitration Award against the Defendant and KWB, jointly and severally, in the amount of $489,343.65, bearing interest at the rate of 4.75% a year (the "State Court Judgment").  The State Court Judgment includes no factual findings, and no related memorandum opinion or the like was provided to this Court in connection with the present Motion.  The Defendant appealed the State Court Judgment and that appeal remains pending.  The claim represented by the State Court Judgment is the debt, within the meaning of that term in § 523(a), that the Plaintiffs seek to have excepted from the Defendant's discharge.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  In considering a motion for summary

judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* at 1577 (*citing Anderson*, 477 U.S. at 252).

At the summary judgment stage, the Court will not weigh the evidence or find facts; rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

**Analysis**

*The Motion is not premature.*

The Defendant argues that the Motion is premature because it was filed the day before the Defendant filed a motion to dismiss, before the Defendant answered the complaint, and before discovery was taken. This Court's *Order Setting Filing and Disclosure Requirements for Pretrial and Trial* contains the only relevant limitation on the filing of dispositive motions in this case. That order establishes a deadline to file dispositive motions; it does not prohibit the filing of a dispositive motion at any time prior to that deadline. Here, the Motion was filed by the applicable deadline. The Federal Rules of Civil Procedure provide a mechanism by which a respondent to a motion for summary judgment may request additional time to take discovery. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify

its opposition, the court may . . . allow time to . . . take discovery." Fed. R. Civ. P. 56(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.  The Defendant failed to so request by affidavit or declaration and thus failed to comply with the Rule.  In addition, the Court notes that its *Order Setting Briefing Schedule* set a response deadline of September 17, 2013, which the Court extended to September 27, 2013 at the Defendant's request, and so the Defendant had two months to formulate his response.  There is no cause to deny the Motion based on its filing date.

*11 U.S.C. § 523(a)(4)*

"A discharge . . . does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).[2]  This exception to discharge is narrow in that the term "fiduciary" is not to be "construed expansively, but instead is intended to refer to 'technical' trusts." *Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 816 (11th Cir. 2006) (quotation omitted).  Section 523(a)(4) includes "voluntary, express trusts created by contract" and excludes "involuntary resulting or constructive trust[s], created by operation of law."  *Id.* "It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio*.  He must have been a trustee before the wrong and without reference thereto." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934) (decided under the Bankruptcy Act of 1898); *In re Fernandez-Rocha*, 451 F.3d at 816.  Thus, to satisfy § 523(a)(4)'s "fiduciary capacity" requirement, a trust may be an "express" trust, meaning a voluntary trust created by contract, or a "technical" trust, meaning a trust created by statute or common law, but may not be "a trust created by operation of law, such as a constructive trust or resulting trust." *Quaif v. Johnson*, 4 F.3d

---

[2] The Plaintiffs do not allege that the debt owed to them is for embezzlement or larceny and so the Court does not address those components of § 523(a)(4).

950, 953-954 (11th Cir. 1993). An express or technical trust exists where there is: "(1) a segregated trust res; (2) an identifiable beneficiary; and (3) affirmative trust duties established by contract or by statute." *Marbella, LLC v. Cuenant (In re Cuenant)*, 339 B.R. 262, 274 (Bankr. M.D. Fla. 2006) (citation omitted).

The Plaintiffs present three arguments based in collateral estoppel. First, the Plaintiffs argue that the SEC Judgment entered by the District Court precludes the Defendant from disputing in this case that he engaged in fraud. Second, the Plaintiffs argue that the SEC Judgment establishes that the Defendant's entities owed a fiduciary duty to their clients, including the Plaintiffs. Third, the Plaintiffs argue that the Arbitration Award and the State Court Judgment confirming that award preclude the Defendant from disputing that he was acting in a fiduciary capacity over the Plaintiffs' investment account and that he breached his duty to the Plaintiffs.

The SEC Judgment can have no collateral estoppel effect here for the simple reason that it makes no findings at all with regard to the Plaintiffs. In the SEC Judgment, the District Court made numerous findings with regard to the wrongdoings of the Defendant and the other defendants there. The District Court made findings with regard to specified clients of the Defendant and his entities who apparently appeared as witnesses or otherwise provided evidence in that case. But the SEC Judgment does not mention the Plaintiffs nor does it include generalized findings that would encompass the Plaintiffs. That the Defendant violated several securities laws with regard to some clients does not require this Court to conclude that the Defendant violated the same securities laws with regard to all clients or, in particular, these Plaintiffs.

In any case, in the SEC Judgment the District Court finds that the Adviser Entities owed a fiduciary duty to their clients and that the Defendant aided and abetted the breach of that fiduciary duty with regard to certain of their clients. The District Court did not find,

however, that the Defendant had such a fiduciary duty to any of the Adviser Entities' clients.  Thus, even if collateral estoppel applied here, and even if the fiduciary duty addressed in the SEC Judgment satisfied the fiduciary capacity" requirement of § 524(a)(4), which is unclear, the District Court finding is not useful in the case before this Court.

The Arbitration Award and the State Court Judgment confirming it do not suffer from the first shortcoming of the SEC Judgment because these later rulings do in fact relate specifically to the Plaintiffs' claims against the Defendant.  But the State Court Judgment contains no findings at all, and the Arbitration Award is so sparse that it is not possible for the Court to determine whether the breach of fiduciary found there arises from a "fiduciary capacity" encompassed by § 523(a)(4).  Equally troubling, the Arbitration Award apparently finds against the Defendant for both negligent supervision and breach of fiduciary duty but provides no allocation of the award with regard to these alternate bases for relief, leaving this Court unable to determine whether the breach of fiduciary duty finding was essential to the entirety of the Arbitration Award.

Finally, the Plaintiffs argue that the Contract establishes a segregated and identifiable investment account over which the Defendant had discretionary authority and submit the affidavit of Frank R. Rodriguez stating that the Defendant was personally responsible for investment of the Plaintiffs' account.  The establishment of a fully discretionary investment account creates a trust giving rise to a fiduciary obligation cognizable under § 523(a)(4).  Although less than crystal clear, in his own affidavit the Defendant disputes that he was personally authorized to make investments on behalf of the Plaintiffs.  The Contract provides that 21st Century and its agents were authorized to trade the Plaintiffs' account on a discretionary basis.  It is disputed that the Defendant was so authorized, a material fact to be proven in the present action.

Accordingly, it is ORDERED AND ADJUDGED that the Motion [ECF No. 9] is DENIED.

###

Copies Furnished To:

Thomas R. Lehman, Esq.

*Thomas R. Lehman, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service with the court.*